HeNdersoN, Judge,
 

 delivered the opinion of a majority of the Court:
 

 I am of opinion that the collection by the Defendant, after the death of his principal, of debts due
 
 on
 
 
 *26
 
 gales made by him, as agent, in bis principal’s lifetime, does not make him an executor of bis own wrong. Tiie collection of the money, has a reference to the agency, and must be considered as the completion of an act, proper and lawful in its commencement, and it does not. depend on the strict qustion of right, whether the agent had an authority to make the collection ; a colourable one will do, by which a character is given to the transaction, showing that it was not done as an executor, or as one performing the will of the deceased. 1
 
 Esp. Rep. 335.
 
 But I am rather disposed to think, that the receipt of tliis money, is not only colour-ably right, hut actually so, and that a payment made by the purchaser, without directions to the contrary, is a discharge from the debt, and if so, it is not an officious-intermeddling ; for it would be strange, if an act for which an authority exists, will make a person executor of his own wrong. A sense of duty, very probably, induced the collection of the money. The sale was made by the Defendant, and he might hold himself bound to omit no reasonable exertion, that the proceeds should be forthcoming to the rightful owner, when he should he called on, for an account of his agency. It is entirely unlike the case of
 
 Padget
 
 v.
 
 Priest
 
 &
 
 Porter,
 
 2
 
 D.
 
 &
 
 E. 97,
 
 where the sale was made after the principal’s death, at which time, the authority ceased. If the debt arising from the sale, had depended on the contract of sale only, it is not to be questioned, but that the rightful administrator could have recovered on the contract; but if the agent had taken a bond or note, payable to himself, I cannot see how the administrator, or any other person but the Defendant, could have enforced payment $ and if so, there cannot be the least pretence of charging him as an executor of his own wrong.
 

 It appears also, that there is an administrator, of course no act, for which the Defendant is responsible to the administrator, can make him an executor of his own wrong.
 
 *27
 
 For where administration has been taken, those acts only which subject the agent, not to the action of the righful administrator, but which interfere with the estate
 
 quoad
 
 creditors, render him liable, as an executor of his own wrong, as if he takes possession, or even has possession, of goods under a fraudulent gift from the deceased, this makes him executor
 
 dc son tort;
 
 for it does not subject him to the action of the rightful administrator, the gift being good as to the intestate, is good as to the administrator also, but it is void as to creditors.
 

 Tayiok, C. J.
 

 This case having been submitted without argument, and presenting one question of some difficulty, and of no ordinary occurrence, I have examined the authorities with the view of ascertaining the principle, which ought to govern the decision.
 

 The principal question is, whether the Defendant, having collected debts due to
 
 Francis Child,
 
 after the death of the latter, though incurred for property sold, during his'life-time, by the Defendant duly authorised for that purpose, will amount to such an intermeddling, as will make the Defendant executor of his own wrong.
 

 I take it for granted, that the sale being made in the life-time of
 
 Francis,
 
 was properly made, under an authority from him; but the cases have satisfied my mind, that upon the deatli of
 
 Frauds,
 
 all further power conferred by the agency was at an end, for a power to represent another, can only continue as long as there is some one to be represented. Therefore a letter of attorney to deliver seisin after the
 
 death of the feoffor
 
 is void, because upon his death, the lands descend to his heir, C.
 
 Litt.
 
 52, 6. and for a similar reason, a power to collect debts after the death of the principal, supposing it to have been expressly granted, which it was not in this case, must be void; because the right to collect the debts, devolves upon the executor, or administrator. In like manner the payment of a sailor's wages, to a person hav
 
 *28
 
 ing a power of attorney to receive them, has been held void, where the principal was (lead at the time of payment.,
 
 5 Espin.
 
 118. And what appears to me to be a strong* case, going far beyond the one under consideration ; it has been held that a power of attorney given to a creditor, authorizing him to receive a debt, without any actual appropriation or assignment of it, is void after the death of the debtor, although the latter declared at the time, that it was given with the view to enable the creditor to apply tiie money received towards the liquidation of his own debt. 2
 
 Ves.
 
 &
 
 Beam.
 
 51.
 

 It. appears to me that if any case can decisively show the inflexible quality of the rule of law, that all authority ceases at the death of the principal, this case does show it; for if it cannot be relaxed in favor of a creditor whom the debtor was desirous to secure, and, to secure whom, he did every thing short of an actual assignment of his demand, ought it to be relaxed in favor of one who is not a creditor ? of one who, when he collected the money, did not apply it to the payment of
 
 Frauds Child’s
 
 debts, or' as it appears from the case, had an intention to do so ? So if the power be coupled with an interest, it is instantly revoked by the death of the grantor, and an act done tinder it afterwards, though
 
 Iona fide,
 
 and before notice of the death of the grantor, is a nullity. 4
 
 Campb.
 
 272, And the case in 2
 
 Term Rep.
 
 97, incontestably shows, that if a man receive the money of the intestate after his decease, though it was received according to an order in his lifetime, it will make him an executor
 
 de son tort.
 
 If it be an express power to sell and collect money, it is revoked by the deatli of the grantor;
 
 a fortiori
 
 must it be, where the power to collect is only incidental, and implied from the power of selling. From the view of the authorities, it re suits, that the Defendant has collected the debts of the deceased without legal authority, and I think, without the color of it; and in so doing, lias announced to the creditors, that he has taken upon himself, the burthen of adminis
 
 *29
 
 tration
 
 ;
 
 be has made this announcement by such acts as are the usual arid ordinary indications to creditors, against whom they are to bring their actions. The law says that slight circumstances of intermeddling, are sufficient for the purpose of charging a man as executor of his own wrong. The cases put by way of illustrating tisis rule, are tiie slightest imaginable, and such as can lessen the value of the estate, or affect the interest of the creditors, hut in the most inconsiderable degree. But collecting the debts due the deceased, without paying the creditors, is not only sweeping away the fund which the law has appropriated to them, but is, also, the least equivocal act a man can do, wiio desires to be considered as
 
 administering;
 
 an act too, of which there can seldom be any difficulty of proof.
 

 I lay no stress upon the circumstance that the extent of the power to the Defendant was not shewn, or whether he was authorised to sell upon
 
 credit;
 
 because upon the assumption that the power of attorney, was as broad as a skilful conveyancer could make it, yet nothing that I can perceive in the case, will avert the con-. sequence, that the debts due for the things sold, whether by specialty or single contract, became,
 
 ipso facto,
 
 on the death of
 
 Frauds
 
 Child, the property of his rightful administrator.
 

 In my opinion, there was no error in the charge of the Court, and I am in favor of affirming the Judgment.
 

 Judgment reversed, and new trial granted.